# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4227 | **DATE** | 8/29/2008 |
| **CASE TITLE** | SUDDUTH vs. DONNELLY   et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed in forma pauperis is granted.   The Clerk of Court is directed to submit summons and complaints to the U.S. Marshal for service forthwith.  Plaintiff is directed to submit a completed USM 385 form for each defendant to the U.S. Marshal by September 26, 2008.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Roy Sudduth ("Sudduth") moves this Court to proceed *in forma pauperis*.  For the reasons stated below, Sudduth's motion is granted.

Sudduth's complaint contains four causes of action against a variety of defendants.  The defendants include Circuit Court of Cook County, Illinois Judges Christopher J. Donnelly, Ronald C. Riley and Timothy C. Evans (collectively, "Judges"), Cook County prosecutors Richard A. Devine, Farah Brass, David Sabatini, Todd McCutcheon and Allison Sise (collectively, "Prosecutors"), Ebay, Inc., ("Ebay"), Ebay employees Pierre M. Omidyar ("Omidyar") and Margaret Whitman ("Whitman"), the Circuit Court of Cook County, Illinois ("State Court"), the City of Markham, Illinois ("Markham"), the County of Cook, Illinois ("Cook County"), the State of Illinois ("Illinois"), and Stephen Brudd ("Brudd").

Under 28 U.S.C. § 1915(a), the Court may authorize Sudduth to proceed *in forma pauperis* if he is unable to pay the mandated court fees.  There is no requirement that "a party desiring to proceed *in forma pauperis* must be able to show . . . that he had contributed virtually his last dollar to the cost of litigating his suit." *Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).  Sudduth's application sets forth his inability to pay because he has been unemployed since September, 1993 and currently has $1,052 of Social Security income per month.

Additionally, the Court must look beyond Sudduth's financial status.  The Court must review his claims and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In evaluating Sudduth's claims, the Court must construe his *pro se* complaints liberally.  *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).  Therefore, the role of the Court is to evaluate whether the plaintiff has made valid arguments, and also to determine if the plaintiff could have made any rational argument in law or fact to support his claim for relief.  *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992).

**STATEMENT**

In his first claim, Sudduth claims that the Judges, Prosecutors, State Court, Markham, Cook County and Illinois violated the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*, because the named defendants denied his access to court by reason of his disability, diabetes.  Title II of the ADA prohibits public entities from excluding from participation or denying benefits of the services, programs or activities of the public entity to qualified individuals with a disability.  42 U.S.C. § 12132.  Under the ADA, a "public entity" includes any State or local government, and any department, agency or other instrumentality of a State or local government.  42 U.S.C. § 12131.  An individual sued in his or her official capacity for injunctive relief is a "public entity" subject to liability under the doctrine of *Ex Parte Young*.  *See Bruggeman* ex rel. *Bruggeman v. Blagojevich*, 324 F.3d 906, 912-13 (7th Cir. 2003).  To the extent that Sudduth states a claim against the state government, local government, instrumentalities of those governments, and government officials named in their official capacities for denying his access to the State Court, he states a valid claim under 42 U.S.C. § 12132.  *See Tennessee v. Lane*, 541 U.S. 509, 533 n.20 (2004) (Title II of the ADA, as applied to cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress's enforcement power under the Fourteenth Amendment, and is therefore not barred by the Eleventh Amendment).

Because at least one of Suddth's claims is not frivolous or malicious within the meaning of 28 U.S.C. § 1915, and because the Eleventh Amendment does not bar Sudduth's ADA Title II claim against the State or State officials sued in their official capacities, Sudduth's motion to proceed *in forma pauperis* is granted.