FILED
AUGUST 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-04227   Document 6   Filed 08/29/2008   Page 1 of 11

RECEIVED
JUL 2 5 2008
Jul 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Roy Sudduth,

    Plaintiff,

VS.

08CV 4227
JUDGE KENDALL
MAGISTRATE JUDGE COLE

Christopher J. Donnelly, **in his official capacity**, Stephen Brudd, Ronald C. Riley, **in his official capacity**, Timothy C. Evans, **in his official capacity**, Richard A. Devine, **in his official capacity**, Farah Brass, David Sabatini, Todd McCutcheon, Allison Sise, Pierre M. Omidyar, Margaret Whitman, Ebay Incorporated, Circuit Court of Cook County, Illinois, City of Markham, Illinois, County of Cook, Illinois, **and the** State of Illinois,

    Defendants.

## CIVIL COMPLAINT

The within Civil Rights Complaint is yet another example of how **CORRUPT** the State Judicial System is, here in **COOK COUNTY/CHICAGO, ILLINOIS.** Plaintiff, Roy Sudduth, PRO-PER, hereby files this Civil Rights Complaint against **ALL** of the above captioned defendants, for violating Title 42 United States Code, Section 1983; the Americans With Disabilities Act of 1990, the Civil Rights Act of 1964; the Civil Rights Act of 1991 **and** Section 504 of the Rehabilitation Act.

                              **Mr. Roy Sudduth**
                              Post Office Box 55612
                              Washington, D. C. 20040-5612

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Roy Sudduth,                                        C. A. No. _____

    Plaintiff,                                     Honorable

VS.

Christopher J. Donnelly, **in his official capacity**, Stephen Brudd, Ronald C. Riley, **in his official capacity**, Timothy C. Evans, **in his official capacity**, Richard A. Devine, **in his official capacity**, Farah Brass, David Sabatini, Todd McCutcheon, Allison Sise, Pierre M. Omidyar, Margaret Whitman, Ebay Incorporated, Circuit Court of Cook County, Illinois City of Markham, Illinois, County of Cook, Illinois, **and the** State of Illinois,

    Defendants.

TO: THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS

## CIVIL COMPLAINT

    AND NOW, comes, the Plaintiff, Roy Sudduth ("Sudduth"), ***Pro-Per***, whom files the within Civil Rights Action, pursuant to Title 42 United States Code ("U.S.C."), Section 1983 for violations of certain protections guaranteed to him by the First, Seventh, Ninth, Tenth and Fourteenth Amendments of the Federal Constitution, by the defendants under color of law in his/her capacities as a judge **and/or** as a state prosecutor in the Circuit Court of Cook County, Illinois. Plaintiff Sudduth also brings this Civil Rights Action pursuant to the Americans With Disabilities Act of 1990; the Civil Rights Acts of 1964 **and** 1968, and respectfully avers in support as follows:

1. Title II of the Americans With Disabilities Act ("ADA") of 1990, 42 U.S.C., subsections 12131, 12132, prohibits discrimination against individuals with disabilities. Title II requires, *inter alia,* that a public entity shall administer services, programs, and activities *in the most integrated setting appropriate to the needs* of qualified individuals with disabilities.". See Title 28 C.F.R., Section 35.130(d) (emphasis added). Section 504 of the Rehabilitation Act, Title 29 U.S.C., Section 794 imposes similar obligations.

2. This civil action is brought on the behalf of the Plaintiff Sudduth, by the Plaintiff Sudduth, to enforce the provisions of the Title 42 United States Code, Section 1983;

the Americans With Disabilities Act of 1990; the Civil Rights Acts of 1964 **and** the Civil Rights Act of 1968. The Plaintiff Sudduth prays for a declaratory judgment against defendants: Christopher J. Donnelly; Ronald C. Riley and Timothy C. Evans who are **ALL** Judges within Defendant, the Circuit Court of Cook County, Illinois.. The Plaintiff Sudduth is entitled to the requested relief because Defendants: Christopher J. Donnelly; Ronald C. Riley and Timothy C. Evans has violated and continues to violate the Plaintiff Sudduth's below referenced rights under the United States Constitution and the laws of the United States. Defendants: Stephen Brudd; Richard A. Devine; Farah Brass; David Sabatini; Todd McCutcheon; Allison Sise; Pierre M. Omidyar; Margaret Whitman; Ebay Incorporated; Circuit Court of Cook County, Illinois; City of Markham, Illinois; County of Cook, Illinois **and** the State of Illinois have violated and will further violate the Plaintiff Sudduth's below referenced rights under the United States Constitution and the laws of the United States. The Plaintiff Sudduth seeks a declaration from this Court that Defendant, Christopher J. Donnelly's May 1, 2008 **and** July 8, 2008 Orders of Court, violates and continue to violate the First, Seventh and Fourteenth Amendments to the United States Constitution; the Americans With Disabilities Act (42 U.S.C., Section 12101 et seq), the Rehabilitation Act of 1973 (29 U.S.C. Section 794) and Title 42 U.S.C., Section 1983. Plaintiff Sudduth seeks a temporary restraining order and preliminary and permanent injunction requiring Defendant, Christopher J. Donnelly to **VACATE** his May 1, 2008 **and** July 8, 2008 Orders of Court. The Plaintiff Sudduth also requests damages, cost and attorney fees against the Defendants, with the exception of Defendants: Christopher J. Donelly; Ronald C. Riley and Timothy C. Evans, whom this Plaintiff Sudduth is seeking a declaratory judgment. Defendants: Christopher J. Donnelly, Ronald C. Riley and Timothy C. Evans' role as judges denied the Plaintiff Sudduth a fair hearing and impartial trial in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

3. This court has jurisdiction over this action pursuant to 28 U.S.C., Sub-Sections 1343(3); 1343(4) and (4) Title 42 U.S.C., Americans With Disabilities Act of 1990.

4. Jurisdiction of the Plaintiff's claim under the Fourteenth Amendment to the United States Constitution is also based upon 42 U.S.C. Section 1983.

5. Venue is proper in this court under Title 28 U.S.C. Sub-Sections 1331 and 1391.

6. **ALL** of the above captioned defendants, with the exception of Ebay Incorporated, Pierre M. Omidyar, Margaret Whitman and Stephen Brudd, have violated Title II of the ADA and Section 504 of the Rehabilitation Act, by failing to assure that their programs, activities and services are accessible to individuals with disabilities

7. **ALL** of the above captioned defendants, **including** Ebay Incorporated, Pierre M. Omidyar, Margaret Whitman and Stephen Brudd have violated Title 42 U.S.C., Section 1983, the Civil Rights Acts of 1964 **and** 1968.

8. Plaintiff's claims for violation of Title II of the ADA, 42 U.S.C. Subsections, 12131, 12132 **and** Section 504 of the Rehabilitation Act, Title 29 U.S.C., Section 794, are asserted against the defendants: Christopher J. Donnelly; Ronald C. Riley; Timothy C. Evans; Richard A. Devine, Farah Brass, David Sabatini; Todd McCutcheon; Allison Sise, Circuit Court of Cook County, Illinois; City of Markham, Illinois; County of Cook, Illinois **and the** State of Illinois.

9. Plaintiff does not assert claims against the defendants: Ebay Incorporated; Pierre M. Omidyar; Margaret Whitman and Stephen Brudd for violation of Title II of the ADA.

### Parties

10. Plaintiff, Roy Sudduth is an adult African American Male, whom is a resident of the District of Columbia.

11. Plaintiff, Roy Sudduth also suffers from the disease, diabetes and its **many** complications.

12. Defendants, Christopher J. Donnelly; Ronald C. Riley and Timothy C. Evans (herein and hereafter known collectively as the "Chicago Judicial Defendants"), are all county judges presiding at the Defendant, Circuit Court of Cook County, Illinois.

13. Defendant, Stephen Brudd is a *"well known criminal"*, whom has stolen thousand of dollars from **NUMEROUS INDIVIDUALS**, including this Plaintiff Sudduth, on the defendant, Ebay Incorporated's website: www.ebay.com.

14.. Defendants, Richard A. Devine, Farah Brass, David Sabatini, Todd McCutcheon, and Allison Sise (herein and hereafter known collectively as the "Chicago Prosecutors Defendants"), are all county prosecutors employed by the defendant, County of Cook, Illinois..

15. Defendants, Margaret Whitman, Pierre M. Omidyar and Ebay Incorporated (herein and hereafter known collectively as the "Ebay Defendants"), are all employed by the defendant, Ebay Incorporated, and is licensed **and/or** authorized to do business throughout the United States, including the Defendant, State of Illinois, the Commonwealth of Virginia and the District of Columbia.

16. Upon information and belief, at all relevant times herein, **ALL** of the above captioned Defendants acted under color of state law in the course and scope of their duties and functioned as agents, employees and officers of the Defendants: Circuit Court of Cook County, Illinois; County of Cook, Illinois, **and/or** the State of Illinois, engaging in the conduct described herein. At all relevant times herein, Defendants, acted for and on behalf of the Defendants: Circuit Court of Cook County, Illinois; County of Cook, Illinois **and/or** the State of Illinois.

17. At all relevant times herein, **ALL** of the above captioned Defendants violated clearly established constitutional standards under the Fourteenth Amendment of the United States Constitution of which a reasonable person would have known.

18. At all relevant times herein, **ALL** of the above captioned Defendants acted with reckless or callous indifference to the federally protected rights of the Plaintiff.

19. At all relevant times herein, **ALL** of the above captioned Defendants acted with deliberate indifference to the Constitutional rights of the Plaintiff in their policies, practices and customs.

### Facts

20. On or about, December 29, 2007, Plaintiff Sudduth mailed a money order to defendant, Stephen Brudd for a T-Mobile Phone Card, Ebay Item #330199933658, that the Plaintiff had won on the defendant, Ebay Incorporated's website.

21. Defendant, Stephen Brudd had cashed the aforementioned money order on January 4, 2008, but had **NEVER SENT** the T-Mobile Phone Card to the Plaintiff Sudduth, as required by the defendant, Ebay Incorporated..

22. Plaintiff Sudduth had filed **NUMEROUS WRITTEN COMPLAINTS** with the Ebay Defendants, however, the Plaintiff had never received his T-Mobile Phone Card as required by the defendant, Ebay Incorporated.

23. In the month of February of 2008, Plaintiff Sudduth had filed **TWO** Criminal Complaints against the defendant, Stephen Brudd with the District of Columbia Metropolitan Police Department **and the** Park Forest, Illinois Police Department.

24. In the month of February of 2008, defendant, Stephen Brudd was arrested by the Park Forest, Illinois Police Department and was charged with violating the criminal codes of the defendant, State of Illinois.

25. A hearing was held for the criminal trial of the defendant, Stephen Brudd on May 1, 2008.

26. Prior to the May 1, 2008 Trial Date, the Plaintiff Sudduth had informed **BOTH**, the Park Forest, Illinois Police Department **AND** the Illinois State Attorney's Offices that are located in Markham, Illinois, that this Plaintiff was disabled, as defined by the Americans With Disabilities Act of 1990, and that he would need *"reasonable accommodations"* in the form of having *"ample enough time"* in order for him to be able to attend the May 1, 2008 Trial Date.

27. Plaintiff Sudduth avers that **NEITHER** the Park Forest, Illinois Police Department, **NOR** the Illinois State Attorney's Offices **HAD EVER RESPONDED TO THIS**

**PLAINTIFF'S AFOREMENTIONED REQUESTS FOR REASONABLE ACCOMMODATIONS.**

28. Plaintiff Sudduth avers that he had departed Washington, D. C. on April 30, 2008, at 4:05 P.M. for his trip to Chicago, Illinois via Amtrak Train Number Three.

29. Plaintiff Sudduth avers that the Amtrak Train Number Three was late arriving into Chicago on May 1, 2008.

30. Plaintiff Sudduth avers that he had informed the defendant, Farah Brass, via his cell phone on May 1, 2008, that he would not be able to attend the May 1, 2008 Trial, at 9:00 A. M. (Central Mountain Time), due to the fact that there were no available means of transportation to him which would enabled this Plaintiff to arrive to their courthouse by 9:00 A.M. on May 1, 2008.

31. Plaintiff Sudduth avers that **ON ANY GIVING DAY,** there is only **ONE** train that departs Washington, D. C. that is scheduled to arrive in Chicago, Illinois, the next day, at 9:00 A. M., Central Mountain Time.

32. Plaintiff Sudduth avers that **ON ANY GIVING DAY,** there is only **ONE** Greyhound Bus that departs Washington, D. C. that is scheduled to arrive in Chicago, Illinois, the next day, at 9:00 A. M., Central Mountain Time.

33. Plaintiff Sudduth avers that his is unable to fly due to his disability, diabetes and its many complications, which has caused this Plaintiff to be *"visually impaired"*.

34. Plaintiff Sudduth avers that due to his *"visual impairments"*, he is unable to drive an automobile which would have possibly enable this Plaintiff to have access to the Chicago Judicial Defendants' Markham Courthouse.

35. On May 1, 2008, defendant, Christopher J. Donnelly had **WRONGFULLY DISMISSED** all charges against the defendant, Stephen Brudd due to the fact that this Plaintiff Sudduth was unable to attend the 9:00 A.M. Trial on May 1, 2008.

36. Plaintiff Sudduth avers that on May 1, 2008, he had **PERSONALLY COMPLAINED TO NUMEROUS EMPLOYEES** of the defendant, Richard A. Devine's Office, located at 100 State Street in downtown, Chicago, about the case being **WRONGFULLY DISMISSED** by the defendant, Christopher J. Donnelly and the fact that **NONE** of the above captioned defendants, where applicable, had provided this Plaintiff *"reasonable accommodations"* in order for this Plaintiff to attend the May 1, 2008 Trial.

37. On May 3, 2008, Plaintiff Sudduth had written a letter to the defendant, Timothy C. Evans and had sent copies of the letter to **ALL** of the above captioned defendants, **DEMANDING** that the defendants, where applicable, affords him an

opportunity for redress and an opportunity for due process with regards to the criminal acts of the defendant, Stephen Brudd. See Exhibit A.

38. On July 8, 2008, a hearing was held in the defendant, Christopher J. Donnelly's courtroom that requested that **ALL CHARGES AND THE CRIMINAL CASE** against the defendant, Stephen Brudd, be reinstated.

39. On July 8, 2008, defendant, Christopher J. Donnelly had **AGAIN, WRONGFULLY DISMISSED** the Plaintiff Sudduth's criminal case against the defendant, Stephen Brudd.

### First Cause of Action

**Violation of the Americans With Disabilities Act of 1990 Mandate to have ALL Services, Activities and Programs accessible to Individuals with Disabilities**

40. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1 though 39.

41. Plaintiff, Roy Sudduth is an individual with a *"visual impairment"* disability caused by the disease diabetes and its **many** complications. Plaintiff have physical impairments that substantially limit one or more major life activity, such as the ability to travel freely without the need of adaptive equipment/auxiliary aides to assist his visual impairments. Plaintiff also have a record of such *"visual impairments"* and are regarded by the Defendants, where applicable, as having such *"visual impairments"*.

42. Plaintiff, Roy Sudduth is a qualified individual within the meaning of Title 42 U.S.C., Section 12131(2).

43. The Chicago Judicial Defendants, Chicago Prosecutors Defendants, Defendants: Circuit Court of Cook County, Illinois; City of Markham, Illinois, County of Cook, Illinois and the State of Illinois, are responsible for the operation of public entities covered by Title II of the ADA 42 U.S.C., subsections 12131(A) and (B). Title II of the ADA prohibits the aforementioned Defendants from discriminating against individuals with disabilities in programs, activities and services. See 42 U.S.C., subsections 12131 and 12132.

44. The aforementioned Defendants are obligated under the ADA to have **ALL** of its programs, activities and services accessible to individuals with disabilities.

45. The Chicago Judicial Defendants, Chicago Prosecutors Defendants, Defendants: Circuit Court of Cook County, Illinois; City of Markham, Illinois; County of Cook, Illinois and the State of Illinois have failed to meet this obligation. The aforementioned Defendants instead, are holding *"Illegal Ex-Parte Criminal*

*Hearings, without the disabled victim ever being present, and consequently dismissing the case(s) in its entirety.".*

## Second Cause of Action

**Failure to Administer ALL of its Programs, Activities and Services to those Individuals With Disabilities in Violation of the Rehabilitation Act**

46. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1 though 45.

47. Section 504 of the Rehabilitation Act, 29 U.S.C., Section 794, provides:

    No otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal Financial Assistance.

48. **ALL** of the aforementioned Defendants are recipients of Federal Financial Assistance.

49. Section 504 of the Rehabilitation Act requires **ALL** of the aforementioned Defendants to serve individuals with disabilities in the most integrated setting appropriate to their needs.

50. Consequently, pursuant to Section 504 of the Rehabilitation Act, **ALL** Criminal **and/or** Civil Hearings that involved individuals with disabilities, **AT THE INDIVIDUALS WITH DISABILITIES' REQUEST, SHOULD BE HELD OUTSIDE OF THE MARKHAM, ILLINOIS COURTHOUSE, IN A LOCATION THAT IS ACCESSIBLE BY ALL FORMS OF PUBLIC TRANSPORTATION, SUCH AS DOWNTOWN CHICAGO, ILLINOIS, WHERE THIS HONORABLE UNITED STATES DISTRICT COURT IS LOCATED.**

51. **ALL** of the aforementioned Defendants have violated Section 504 of the Rehabilitation Act by failing to administer services, activities and programs to the Plaintiff, Roy Sudduth in the most integrated setting appropriate to his needs.

## Third Cause of Action

**Equal Protection Clause of the Fourteenth Amendment of the United States Constitution**

52. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1 though 51.

53. **ALL** of the above captioned Defendants deny the Plaintiff Sudduth and/or conspire to deny Plaintiff Sudduth of his United States Constitutional Rights of Redress, Equal Protection and Due Process, based on his Race and Disability in violation of his rights under the Fourteenth Amendment of the United States Constitution.

### Fourth Cause of Action

### Equal Protection Clause of the Fourteenth Amendment of the United States Constitution

54. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1 though 53.

55. **ALL** of the above captioned Defendants' customs, policies, and actions intentionally exclude the Plaintiff Sudduth from participation in and denying him, the benefits of, and subjecting him to discrimination under the programs, activities and services of the Defendant, State of Illinois' State and County Courts, **and the** defendant, Ebay Incorporated, on the basis of the Plaintiff Sudduth's race and disability.

### Request for Injunctive and Declaratory Relief

56. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1 though 55.

57. If **ALL** of the above captioned Defendants are not enjoined from continuing to discriminate against this Plaintiff Sudduth, Plaintiff Sudduth will be irreparable harm by the denial of the protection laws afforded to him by the Fourteenth Amendment of the United States Constitution and Title VI of the Civil Rights Act of 1964.

58. Plaintiff Sudduth has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is his only means of securing adequate redress from **ALL** of the above captioned Defendants' unlawful practices. Plaintiff Sudduth will continue to suffer irreparable injury to his life from **ALL** of the above captioned Defendants' acts, policies and practices unless **ALL** of the above captioned Defendants are enjoined by this Court.

### Prayer

**WHEREFORE**, the Plaintiff, Roy Sudduth prays that the Court enter an Order that:

1. Declares that **ALL** of the above captioned Defendants violated the rights of the Plaintiff to the equal protection of laws guaranteed by the Fourteenth Amendment of the United States Constitution.

2. A preliminary and permanent injunction requiring Defendants: Christopher J. Donnelly; Ronald C. Riley; Timothy C. Evans; Circuit Court of Cook County, Illinois; City of Markham, Illinois; County of Cook, Illinois **and the** State of Illinois, pursuant to Section 504 of the Rehabilitation Act, to **HOLD ALL** Criminal **and/or** Civil Hearings, that involved individuals with disabilities, **AT THE INDIVIDUALS WITH DISABILITIES' REQUEST, BE HELD OUTSIDE OF THE MARKHAM, ILLINOIS COURTHOUSE, IN A LOCATION THAT IS ACCESSIBLE BY ALL FORMS OF PUBLIC TRANSPORTATION, SUCH AS DOWNTOWN CHICAGO, ILLINOIS.**

3. A preliminary and permanent injunction requiring Defendants: Pierre M. Omidyar; Margaret Whitman **and** Ebay Incorporated to **BAN ALL EBAY SELLERS AND/OR BUYERS, WITH PAST CRIMINAL ACTIVITY AND COMPLAINTS, SUCH AS DEFENDANT, STEPHEN BRUD, ON EBAY.COM, FROM PARTICIPATING IN ANY AND ALL EBAY'S ACTIVITIES ON EBAY.COM.**

4. Declares that **ALL** of the above captioned Defendants violated Plaintiff's rights to be free from discrimination under Title VI of the Civil Rights Act of 1964

5. Enjoins **ALL** of the above captioned Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them, from discriminating on the basis of race, religion and/or disability against any person in any aspect of the Circuit Court of Cook County; Cook County Illinois; City of Markham, Illinois; State of Illinois **and** Ebay Incorporated s' Services that are supposed to be provided by these institutions...

6. Awards such damages, with the exception of Defendants: Christopher J. Donnelly; Ronald C. Riley and Timothy C. Evans, as would fully compensate each person aggrieved by the Defendants' discriminatory practices, policies and lack of court accommodations for individuals with disabilities, including, Plaintiff, Roy Sudduth, for the injuries caused by the aforementioned Defendants' discriminatory actions, practices and policies..

7. Awards Plaintiff reasonable attorney fees and costs.

8. Grants any further relief this Court deems appropriate, including further injunctive and declaratory relief as may be required in the interests of equity and justice.

Respectfully Submitted,

Dated: July 24, 2008

*Roy Sudduth* (signature)

Mr. Roy Sudduth
Post Office Box 55612
Washington, D. C. 20040-5612

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Roy Sudduth,

    Plaintiff,

VS.

Christopher J. Donnelly, et. al.,

    Defendants.

C. A. No. _____

Honorable

## VERIFICATION

I, Roy Sudduth, declare that I am the Plaintiff in the above entitled matter.

I have read the foregoing civil complaint and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on **July 24, 2008** in **Washington D. C., 20040-5612**.

I declare or certify under penalty of perjury that the foregoing is true and correct.

_____
Mr. Roy Sudduth
Post Office Box 55612
Washington, D. C. 20040-5612

Dated: **July 24, 2008**