IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROY SUDDUTH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 4227 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CHRISTOPHER J. DONNELLY, | ) | |
| in his official capacity, | ) | |
| RONALD C. RILEY, in his official capacity, | ) | |
| TIMOTHY C. EVANS, in his official capacity, | ) | |
| ANITA ALVAREZ, in her official capacity,[1] | ) | |
| STEPHEN BRUDD, FARAH BRASS, | ) | |
| DAVID SABATINI, TODD McCUTCHEON, | ) | |
| ALLISON SISE, PIERRE M. OMIDYAR, | ) | |
| MARGARET WHITMAN, EBAY, INC., | ) | |
| CIRCUIT COURT OF COOK COUNTY, ILL., | ) | |
| CITY OF MARKHAM, ILL., | ) | |
| COUNTY OF COOK, ILL., and | ) | |
| THE STATE OF ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Roy Sudduth ("Sudduth") filed this suit against several Defendants based

upon his inability to arrive at a criminal proceeding in state court on time. In his Complaint,

Sudduth alleges four causes of action, including violation of the Americans with Disabilities Act

("ADA") (Count I), violation of the Rehabilitation Act (Count II) and two violations of the equal

protection clause of the fourteenth amendment (Count III and IV). Although not enumerated in

separate counts, Sudduth also alleges violations of the Civil Rights Acts of 1964 and 1968. Pursuant

---

[1] In his Complaint, Sudduth named Cook County State's Attorney Richard A. Devine as a Defendant in his official capacity. On December 1, 2008, Anita Alvarez became Cook County State's Attorney. Accordingly, the Court automatically substitutes her as a party in her official capacity. *See* Fed. R. Civ. P. 25(d).

to Fed. R. Civ. P. 12(b)(6), all Defendants but Stephen Brudd ("Brudd") have moved to dismiss Sudduth's Complaint.[2]  For the reasons stated, the Motions to Dismiss are granted.

<h2 style="text-align:center">PLAINTIFF'S ALLEGATIONS</h2>

The following allegations are taken as true, as the Court is required to do at the motion to dismiss stage.  *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).  Sudduth, a Black man who suffers from diabetes and who resides in the District of Columbia, won an online auction through Ebay for a phone card.  (Compl. ¶¶ 10-11, 20.)  To pay for the item, Sudduth mailed a money order to Brudd, the seller of the phone card, on December 29, 2007.  (Compl. ¶ 20.)  On January 4, 2008, Brudd cashed the money order but did not send the phone card to Sudduth.  (Compl. ¶ 21.)  In response, Sudduth filed numerous written complaints with Defendants Ebay, Inc. ("Ebay"), its Chief Executive Officer Margaret Whitman ("Whitman") and its Director and Chairman of the Board Pierre Omidyar ("Omidyar") (collectively the "Ebay Defendants").  (Compl. ¶ 22.)  Nonetheless, Sudduth did not receive the phone card.  (*Id.*)

Because he did not receive the phone card, Sudduth filed criminal complaints against Brudd with the District of Columbia Metropolitan Police Department and the Park Forest, Illinois Police Department.  (Compl. ¶ 23.)  As a result of the criminal complaint, the Park Forest police arrested Brudd and charged him with unspecified violations of Illinois criminal law in February 2008. (Compl. ¶ 24.)  A hearing for the criminal case was scheduled for May 1, 2008 in the Cook County Circuit Courthouse located in Markham, Illinois.  (Compl. ¶¶ 25-26.)  Prior to the scheduled hearing, Sudduth informed the Park Forest Police Department and the Illinois State's Attorney's Office in Markham that he suffered from a disability and would need "reasonable accommodations in the form

---

[2]  Brudd answered the Complaint on October 14, 2008.

of having ample enough time in order for him to be able to attend" the May 1, 2008 proceeding. (Compl. ¶ 26.) Despite providing them with notice of his disability, neither the Park Forest Police Department nor the Illinois State's Attorney responded to his request for an accommodation. (Compl. ¶ 27.)

As a result of diabetes, Sudduth suffers from impaired sight. (Compl. ¶¶ 33-34.) Because of this visual impairment, Sudduth could not travel from his home in the District of Columbia to Chicago by airplane or automobile. (*Id.*) In order to attend Brudd's May 1, 2008 proceeding in Markham, Sudduth took Amtrak's Train Number 3 on April 30, 2008 that departed from Washington, D.C. to Chicago at 4:05 p.m. (Compl. ¶ 28.) After the train fell behind schedule, Sudduth called the Markham courthouse and informed Defendant Farah Brass ("Brass") that he could not attend Brudd's proceeding at the scheduled time because his train from Washington, D.C. was running late and he had no other way of making it to the courthouse by 9:00 a.m. (Compl. ¶ 30.) The court held Brudd's as scheduled and Defendant Cook County Circuit Judge Christopher J. Donnelly ("Judge Donnelly") dismissed the charges against Brudd. (Compl. ¶ 35.)

When Sudduth learned of the dismissal later that day, he complained to the Illinois State's Attorney's Office that Judge Donnelly had "wrongfully dismissed" the case and that nobody provided him with "reasonable accommodations" that would allow him to attend the May 1 proceeding against Brudd. (Compl. ¶ 36.) Because he did not attend the May 1, 2008 proceeding, Sudduth claims that Judge Donnelly held "illegal *ex-parte* criminal hearings without the disabled victim ever being present." (Compl. ¶ 45.) On May 3, 2008, Sudduth wrote a letter to Defendant Cook County Circuit Chief Judge Timothy C. Evans ("Judge Evans") to demand "an opportunity for redress and an opportunity for due process with regards to the criminal acts of . . . Brudd."

3

(Compl. ¶ 37.)  On July 8, 2008, Judge Donnelly held another hearing to determine if the criminal charges against Brudd should be reinstated.  (Compl. ¶ 38.)  At the hearing, Judge Donnelly "again dismissed" the criminal charges against Brudd.  (Compl. ¶ 39.)

Sudduth then brought this suit, claiming that all Defendants except for the Ebay Defendants violated Title II of the ADA and § 504 of the Rehabilitation Act by failing to assure that their programs, activities and services are accessible to individuals with disabilities.  (Compl. ¶¶ 6, 8-9.)  Sudduth also brings a claim under 42 U.S.C. § 1983, alleging that all Defendants, including the Ebay Defendants, have either violated the Equal Protection Clause of the Fourteenth Amendment or conspired with each other to deny him his equal protection rights.  (Compl. ¶¶ 7, 53.)  To remedy these violations, Sudduth requests the following: 1) a declaratory judgment that all Defendants violated his equal protection rights; 2) an injunction requiring Judge Donnelly, Judge Ronald C. Riley, Judge Evans (collectively, the "Judicial Defendants"), the Circuit Court of Cook County, the City of Markham, the County of Cook and the State of Illinois to "hold all criminal and/or civil hearings that involve individuals with disabilities, at the individual['s] . . . request, . . . outside of the Markham, Illinois Courthouse, in a location that is accessible by all forms of public transportation, such as downtown Chicago, Illinois"; 3) an injunction requiring the Ebay Defendants to "ban all Ebay sellers and/or buyers with past criminal activity and complaints . . . from participating in any and all [of] Ebay's activities on Ebay.com"; 4) a declaratory judgment that all Defendants violated his rights under the Civil Rights Act of 1964; 5) an injunction enjoining all Defendants from discriminating on the basis of race, religion or disability "in any aspect of the Circuit Court of Cook County; Cook County, Illinois; City of Markham, Illinois; State of Illinois

and Ebay's" services; and 6) money damages against all Defendants except for the Judicial Defendants.  (Compl. ¶¶ 59-64.)

Before the Court are the following four motions to dismiss for failure to state a claim: 1) the Ebay Defendants' Motion to Dismiss; 2) the Judicial Defendants, Circuit Court of Cook County and the State of Illinois' Motion to Dismiss; 3) the State's Attorney's Office Defendants' (Anita Alvarez, David Sabatini, Farah Brass, Todd McCutcheon and Allison Size) and the County of Cook, Illinois' Motion to Dismiss; and 4) the City of Markham's Motion to Dismiss.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff.  *See Murphy*, 51 F.3d at 717.  To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not allege all facts involved in the claim.  *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).  However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality.  *Id.* at 1965.

## DISCUSSION

*I.  The Ebay Defendants*

Sudduth brings claims against the Ebay Defendants under 42 U.S.C. § 1983 for violation of his equal protection rights and conspiracy to violate his equal protection rights.  Additionally, he

claims that the Ebay defendants violated the Civil Rights Acts of 1964 and 1968 by discriminating

against him on the basis of his race.

*a. Section 1983 Equal Protection Claim*

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress constitutional violations committed under color of state law. *See* 42 U.S.C. § 1983. "[T]o state a claim for relief under § 1983, plaintiffs must allege: 1) they were deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon them by a person or persons acting under color of state law." *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006). In certain circumstances, a private party's conduct can constitute state action. *See Tarpley v. Keistler*, 188 F.3d 788, 791 (7th Cir. 1999). However, "before a private party's conduct can be considered state action, there must be a sufficiently close nexus between the state and the private conduct so that the action 'may be fairly treated as that of the state itself.'" *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Here, Sudduth alleges that the Ebay Defendants "acted under color of state law in the course and scope of their duties and functioned as agents, employees and officers" of the Circuit Court of Cook County, the County of Cook and the State of Illinois. (Compl. ¶ 16.) However, Sudduth's Complaint does not contain factual allegations to support the conclusory allegation that the Ebay Defendants acted under color of state law. To the contrary, the Complaint only alleges that the Ebay Defendants hosted an online auction and received complaints from Sudduth relating to his dealings with Brudd. Those allegations reveal a that Ebay, private corporation, operated its business with no nexus to the state. Because the Complaint does not properly allege that the Ebay Defendants acted under color of state law, Sudduth has failed to state a claim against the Ebay Defendants under § 1983 for violation of his equal protection rights.

*b. Section 1983 Conspiracy Claim*

Sudduth also claims that the Ebay Defendants conspired with all other Defendants to deny Sudduth his equal protection rights. Private parties may be liable under § 1983 when they conspire with a state actor to deprive the plaintiff of a constitutional right. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). To state a claim for a conspiracy under § 1983, a plaintiff must allege that state officials and the private party somehow reached an understanding to deny the plaintiff's constitutional rights. *See House v. Belford*, 956 F.2d 711, 271 (7th Cir. 1992). "[M]ere allegations of a conspiracy are insufficient to withstand a motion to dismiss." *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985).

To support the claim that the Ebay Defendants conspired with all other Defendants to deny him of his equal protection rights, Sudduth states that "all of the above captioned Defendants . . . conspire to deny Plaintiff Sudduth of his United States Constitutional Rights . . . ." (Compl. ¶ 53.) Other than that statement, the Complaint contains no allegations that would demonstrate that the Ebay Defendants entered into an agreement with the other Defendants to deprive Sudduth of his constitutional rights. In fact, the Complaint does not even claim that the Ebay Defendants ever communicated with the other Defendants. Sudduth only alleges that the Ebay Defendants hosted an online auction and failed to respond to his complaints regarding the auction. Such allegations do not suggest that the Ebay Defendants conspired with state actors to deprive Sudduth of his equal protection rights. Therefore, the Complaint fails to state a claim for conspiracy under § 1983 against the Ebay Defendants.

*c. Civil Rights Act Claim*

Finally, Sudduth claims that the Ebay Defendants violated Title VI of the Civil Rights Act ("Title VI") by discriminating against him on the basis of his race. Title VI provides that no person "shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. However, Title VI only reaches instances of intentional discrimination. *See City of Chicago v. Lindley*, 66 F.3d 819, 827 (7th Cir. 1995) (citing *Alexander v. Chote*, 469 U.S. 287, 293 n.8 (1985)).

Although Sudduth claims that the Ebay Defendants discriminated against him on the basis of his race, the Complaint does not identify which program or activity that Ebay ran that received federal financial assistance or how he was excluded from participating in the program. The only Ebay-hosted program mentioned in his Complaint is Ebay's online auction service, and Sudduth's allegations show that he did participate in that program by bidding on the phone card. To the extent that he bases his Title VI claim on the failure of the Ebay Defendants to intervene in his dispute with Brudd over the phone card, he has not alleged that the Ebay Defendants were aware of his race. Without that knowledge, they could not have intentionally discriminated against him on the basis of his race. Because he has not identified a program receiving federal financial assistance administered by the Ebay Defendants that excluded him and because he has failed to properly allege intentional racial discrimination, Sudduth has failed to state a claim under Title VI against the Ebay Defendants.

Having determined that Sudduth has failed to state a claim against the Ebay Defendants, the Court grants the Ebay Defendants' Motion to Dismiss in its entirety.

## II. The Judicial Defendants, Circuit Court of Cook County and State of Illinois

Sudduth brings claims against the Judicial Defendants, Circuit Court of Cook County and State of Illinois under 42 U.S.C. § 1983 for violation of his equal protection rights and conspiracy to violate his equal protection rights. Additionally, Sudduth claims that those Defendants violated the ADA, the Rehabilitation Act and the Civil Rights Act.

### a. Section 1983 claims

Section 1983 provides a cause of action against every "person" who, pursuant to action under color of state law, causes a constitutional deprivation. *See* 42 U.S.C. § 1983. However, "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). A state court is considered to be a state agency. *See id.* Therefore, to the extent that Sudduth attempts to bring § 1983 claims against the Circuit Court of Cook County and the State of Illinois, the claims must be dismissed for failure to state a claim.

Similarly, plaintiffs cannot maintain § 1983 suits against state officials in their official capacity because the state is the real party in interest and states are not "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, as an exception to that general rule, plaintiffs may sue state officials in their official capacity under § 1983 for injunctive relief when "the plaintiff seeks prospective equitable relief for ongoing violations of federal law under the *Ex Parte Young* doctrine." *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002).

Sudduth attempts to sue the Judicial Defendants (Judges Donnelly, Evans and Riley) in their official capacities for injunctive relief. While judicial immunity bars suits against judges for money damages, judicial immunity does not extend to claims for injunctive relief. *See Pulliam v. Allen*, 466

U.S. 522, 541-42 (1984).  Nonetheless, "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983. Therefore, "§ 1983 limits the type of relief available to plaintiffs who sue judges to declaratory relief."  *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003).

Although Sudduth's Complaint purports to seek declaratory judgment against the Judicial Defendants, he is merely seeking a declaration that the Judicial Defendants acted improperly in dismissing the criminal charges against Brudd.  Declaratory judgments "define the rights and obligations of parties in the anticipation of future conduct . . . . [They] are not meant simply to proclaim that one party is liable to another."  *Id.*  Because Sudduth only seeks a declaration that the Judicial Defendants acted improperly, he fails to state a claim for declaratory relief.  Therefore, his § 1983 claims against the Judicial Defendants must be dismissed.

*b.  ADA and Rehabilitation Act Claims*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Similarly, under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . . ."  29 U.S.C. § 794(a).  Failure to reasonably accommodate an individual with a disability is actionable under Title II of the ADA and the Rehabilitation Act.  *See Wisc. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753-54 (7th Cir. 2006) (en banc); 28

C.F.R. 35.130(b)(7) ("A public entity shall make reasonable modifications in polices, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability . . . ."). Sudduth claims that the Judicial Defendants (in their official capacity), Circuit Court of Cook County and State of Illinois failed to accommodate his diabetes by holding Brudd's criminal proceedings despite Sudduth's absence.[3]

Title II of the ADA requires states to reasonably accommodate individuals with disabilities in order to provide them with access to the courts. *See Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004). However, to state a claim for failure to accommodate, a plaintiff "must show that his disability is what causes his deprivation of the services or benefits desired. In short, [the ADA and the Rehabilitation Act require] the plaintiff to satisfy the 'necessary' element by showing that the reason for his deprivation is his disability." *Wisc. Cmty. Servs.*, 465 F.3d at 752. For example, in *Lane*, the municipal courthouse at issue did not have an elevator. *See Lane*, 541 U.S. at 513. In order to attend his criminal proceedings, a paraplegic, wheelchair-bound criminal defendant crawled up two flights of stairs to reach the proper courtroom. *See id.* at 514. At a later appearance, when he refused to crawl again or have officers carry him up the stairs and into the courtroom, he was arrested and jailed for failure to appear. *See id.* Because paraplegia caused the deprivation of his right to access the court for his criminal proceeding, the criminal defendant had a valid claim for failure to accommodate under the ADA. *See id.* at 533-34.

Here, Sudduth claims that his diabetes caused a deprivation of his right to access the court for Brudd's proceedings. However, he does not allege the existence of a physical impediment that

---

[3] Defendants make no argument that Sudduth has failed to properly allege that he is a "qualified individual with a disability" under the ADA. Accordingly, the Court assumes that diabetes substantially limits Sudduth in the major life activity of seeing based on the allegations that he suffers from "diabetes and its many major complications," including "visual impairments." (Compl. ¶¶ 11, 33-34.)

blocked his ability to access the court. Instead, he claims that diabetes caused him a visual impairment that prevents him from driving or flying when he travels. Because he could not drive or fly to attend Brudd's criminal proceeding at 9:00 a.m. in Markham on May 1, he took a train that left Washington, D.C. at 4:00 p.m. on April 30. Ultimately, he could not arrive at the Markham Courthouse on time because the train he chose to take fell behind schedule, making it impossible for him to reach the courthouse on time.

Taking the allegations in the Complaint as true, Sudduth chose to take a train from Washington, D.C. to Chicago in order to attend Brudd's criminal proceeding because diabetes prevented him from flying or driving himself. Even assuming that the ADA provides a non-party witness with a cause of action for denial of access to a court, the ADA and the Rehabilitation Act only require a reasonable accommodation when a modification in the public entity's program or service is necessary to allow disabled individuals "to obtain benefits that they ordinarily could not have by reason of their disabilities, *and not because of some quality that they share with the public generally*." *Wisc. Cmty. Servs.*, 465 F.3d at 754 (emphasis added). The allegations in Sudduth's Complaint reveal that he could not arrive on time to the 9:00 a.m. proceeding because his train was late, not because he suffered from diabetes. The general public, whether disabled or not, faces the risk of running late because of complications in travel plans; airplanes and trains may become delayed, while buses and automobiles may become stuck in traffic jams. To mitigate against these risks, people may choose to leave for their appointments early. While Sudduth claims that he took the only train that ran between Washington, D.C. and Chicago on April 30, he could have taken a train to Chicago on April 29 or even earlier in the week to ensure that he would arrive at the Markham Courthouse in time for the 9:00 a.m. hearing in Brudd's case on May 1. In short, Sudduth

was not denied access to the court because of his disability when everyone in the general population faces the risk of late arrival due to travel complications. His allegations show that his travel plans rather than his disability caused him to arrive late for the hearing in Brudd's criminal case. Because Sudduth's allegations show that his disability did not prevent his access to the court, the ADA and the Rehabilitation Act did not impose an obligation on Defendants to reasonably accommodate Sudduth's disability to allow him access to the court. Therefore, Counts III and IV of Sudduth's Complaint are dismissed against the Judicial Defendants, Circuit Court of Cook County and State of Illinois .

### c. Civil Rights Act Claim

Sudduth also claims that the Judicial Defendants, Circuit Court of Cook County and State of Illinois violated Title VI by discriminating against him on the basis of his race. As previously explained in Part I(c) *supra*, Title VI reaches instances of intentional discrimination on the basis of race, color, or national original under programs receiving federal financial assistance. *See Lindley*, 66 F.3d at 827.

Although Sudduth claims that the Judicial Defendants, Circuit Court of Cook County and State of Illinois discriminated against him on the basis of his race, the Complaint does not identify which program or activity that they ran that received federal financial assistance. Additionally, he does not allege that these Defendants ever had awareness of his race. Nothing in the Complaint even supports the inference that these Defendants knew that Sudduth was Black. Without that knowledge, they could not have intentionally discriminated against him on the basis of his race. Because he has not identified a program receiving federal financial assistance administered by these Defendants that excluded him and because he has failed to properly allege intentional racial

discrimination, Sudduth has failed to state a claim under Title VI against the Judicial Defendants, Circuit Court of Cook County and State of Illinois.

Having determined that Sudduth has failed to state a claim against the Judicial Defendants, Circuit Court of Cook County and State of Illinois, the Court grants their Motion to Dismiss in its entirety.

### III. The State's Attorney's Office Defendants and Cook County

Sudduth brings claims against the State's Attorney's Office Defendants and Cook County under 42 U.S.C. § 1983 for violation of his equal protection rights and conspiracy to violate his equal protection rights. Additionally, Sudduth claims that those Defendants violated the ADA, the Rehabilitation Act and the Civil Rights Act.

The State's Attorney's Office Defendants assert absolute prosecutorial immunity against all of Sudduth's claims. To determine the type of immunity afforded to a prosecutor, the Court must look to the nature of the function that the prosecutor performed in the particular case. *Se Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). If the prosecutor performed a quasi-judicial function, the prosecutor receives absolute immunity, but if the prosecutor performed an administrative or investigatory function, the prosecutor receives qualified immunity. *See Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997). Although Sudduth names Alvarez, Brass, Sabatini, McCutcheon, and Sise as Defendants, Brass is the only State's Attorney's Office Defendant specifically mentioned in the Complaint. Sudduth claims that he spoke with Brass on the phone to inform the State's Attorney's Office that his train was late. (Compl. ¶ 30.) Based on that allegation, Brass was not involved in a quasi-judicial function when she spoke to Sudduth on the phone. Because the Complaint does not allege how the other State's Attorney's Office Defendants were involved, the

Court cannot determine the nature of the function they performed in this case. Therefore, at this time, the Court cannot determine that absolute prosecutorial immunity applies to the State's Attorney's Office Defendants.

### a. Section 1983 claims

Section 1983 provides a cause of action against every "person" who, pursuant to action under color of state law, causes a constitutional deprivation. *See* 42 U.S.C. § 1983. However, "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson*, 165 F.3d at 1141. To the extent that an Illinois state prosecutor is sued in his or her official capacity, the claim is barred as a suit against the state. *See Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994); *Scott v. O'Grady*, 975 F.2d 355, 371 (7th Cir. 1992). Therefore, Sudduth's claim against Alvarez in her official capacity must be dismissed.

With respect to the other State's Attorney's Office Defendants, Sudduth does not specify whether he is proceeding against them in their individual or official capacities. The omission of the phrase "individual capacity" does not necessarily make claims against state actors official capacity suits. *See Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). Courts will only presume official capacity suits when the "indicia of an official policy or custom are present in the complaint." *Id.* Sudduth's Complaint only refers to the treatment he received in conjunction with Brudd's criminal proceedings and does not allege facts that would indicate the existence of an official custom or policy that caused him a deprivation. Therefore, the Court construes his claims against the remaining State's Attorney's Office Defendants as individual capacity claims. To state an individual capacity suit against officials under § 1983, a plaintiff must allege that the named defendants are personally responsible for the alleged constitutional violations. *See Gentry v. Duckworth*, 65 F.3d

555, 561 (7th Cir. 1995); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ([P]ersonal involvement is a prerequisite for individual liability in a § 1983 action."). Here, Sudduth's Complaint only alleges that Brass answered the phone when he called to provide notice that his train was running late. He does not allege any other action on the part of Brass or other State's Attorney's Office Defendants. To the contrary, his allegations reveal that he could not arrive to Brudd's hearing on time because of his own travel plans rather than any conduct by a state actor that actively excluded Sudduth from the courtroom. Therefore, his Complaint fails to allege that the State's Attorney's Office Defendants sued in their individual capacity were personally responsible for any deprivation. Accordingly, he has failed to state a claim under § 1983 against the State's Attorney's Office Defendants.

Even if he had properly alleged personal involvement of the State's Attorney's Office Defendants, he would also need to allege a constitutional deprivation in order to state a claim under § 1983. *See McKinney*, 463 F.3d at 683. Sudduth claims that he suffered a constitutional deprivation when Brudd's hearing occurred despite Sudduth's absence. However, "in American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosection or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, even if Sudduth had alleged personal involvement of the State's Attorney's Office Defendants, he has failed to allege a constitutional deprivation.

Sudduth also names Cook County as a Defendant. Municipalities and local governments can be liable under § 1983 "if action pursuant to an official custom or policy of the municipality or government unit causes a constitutional tort." *Gossmeyer*, 128 F.3d at 494. Sudduth's Complaint does not allege the existence of an official custom or policy within Cook County that caused him

a deprivation. Without making factual allegations, he claims that all named Defendants acted as employees or agents of the County of Cook. (Compl. ¶¶ 14, 16.) However, even if all named Defendants did act as agents of Cook County, "[a] local governmental entity will be responsible for the unconstitutional actions of its employees only if those actions were taken pursuant to official policy or custom." *Eversole v. Steele*, 59 F.3d 710, 715 (7th Cir. 1995). Because Sudduth has not alleged that Cook County had an official policy or custom that caused him a deprivation, he has failed to state a claim under § 1983 against Cook County.

### b. ADA and Rehabilitation Act Claims

Sudduth claims that the State's Attorney's Office Defendants and the County of Cook failed to accommodate his disability under the ADA and the Rehabilitation Act because Brudd's hearing was held before Sudduth arrived at the Markham Courthouse. Because the Court has determined that Sudduth was not denied access to the Markham Courthouse because of his disability, Sudduth fails to state a claim under the ADA or the Rehabilitation Act based upon a failure to accommodate. *See* Part II(b), *supra*.

### c. Civil Rights Act Claims

Sudduth also claims that the State's Attorney's Office Defendants and the County of Cook violated Title VI by discriminating against him on the basis of his race. As previously explained in Part I(c) *supra*, Title VI reaches instances of intentional discrimination on the basis of race, color, or national original under programs receiving federal financial assistance. *See Lindley*, 66 F.3d at 827.

Although Sudduth claims that the State's Attorney's Office Defendants discriminated against him on the basis of his race, the Complaint does not identify which program or activity that they ran

that received federal financial assistance. Additionally, he does not allege that these Defendants ever had awareness of his race. Nothing in the Complaint even supports the inference that these Defendants knew that Sudduth was Black. Only one of these Defendant, Brass, had any individual contact with Sudduth, and even that was a brief phone conversation. Without knowledge of his race, these Defendants could not have intentionally discriminated against him on the basis of his race. Because he has not identified a program receiving federal financial assistance administered by these Defendants that excluded him and because he has failed to properly allege intentional racial discrimination, Sudduth has failed to state a claim under Title VI against the State's Attorney's Office Defendants and the County of Cook.

Having determined that Sudduth has failed to state a claim against the State's Attorney's Office Defendants and the County of Cook, the Court grants their Motion to Dismiss in its entirety.

*IV.  City of Markham*

Sudduth brings claims against the City of Markham under 42 U.S.C. § 1983 for violation of his equal protection rights and conspiracy to violate his equal protection rights. Additionally, Sudduth claims that Markham violated the ADA, the Rehabilitation Act and the Civil Rights Act.

The purpose of a civil complaint is to provide the defendant on notice of the plaintiff's claim. *See Ross Bros. Const. Co. Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002). Although Sudduth names Markham as a Defendant and states that "all of the above captioned defendants" violated his rights, he does not include any further allegations against Markham. It appears that Sudduth named Markham as a Defendant because the Cook County Circuit Court maintains a courthouse in Markham. Because Sudduth has not made any allegations against Markham, Sudduth's Complaint does not provide Markham with notice of the nature of Sudduth's

claims against it. Without more specific allegations, Markham cannot investigate Sudduth's allegations and defend itself. Additionally, under Illinois law, a county, and not a city, has responsibility for operating a courthouse. *See* 55 ILCS 5/5-1106; *O'Connor v. County of Cook*, 787 N.E.2d 185 (Ill. App. Ct. 2003) (noting that county sheriff has custody and care of the courthouse). Because Sudduth has failed to provide Markham with notice of his claims and because Markham does not have responsibility for the Cook County Circuit Court located within Markham's city limits as a matter of law, Markham's Motion to Dismiss is granted.

*V. Brudd*

Instead of filing a motion to dismiss, Brudd filed a pro se Answer to Sudduth's Complaint. Generally, *sua sponte* dismissals for failure to state a claim are discouraged in order to prevent judicial inefficiency and to promote the adversary nature of civil litigation. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1184 (7th Cir. 1989). Nonetheless, *sua sponte* dismissals are permitted, "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). If a district court determines that it should dismiss a complaint *sua sponte*, the plaintiff must receive notice and an opportunity to present arguments against dismissal. *See Stewart Title Guaranty Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996).

Here, Sudduth received notice that his Complaint was under attack when all Defendants but for Brudd filed their Motions to Dismiss. He has had an opportunity to present his arguments against dismissal both in his Response Brief and his Sur-Reply Brief. In each filing, Sudduth presented argument regarding his claims against Brudd even though Brudd did not file a motion to dismiss. Therefore, because Sudduth has received notice that his claims were subject to dismissal

and because he has presented his arguments against dismissal, in the interest of judicial efficiency, the Court will determine whether a sufficient basis for *sua sponte* dismissal of Sudduth's claims against Brudd is evident from Sudduth's Complaint.

Under § 1983, Sudduth claims that Brudd violated the Equal Protection Clause of the Fourteenth Amendment and conspired with the other Defendants to violate Sudduth's equal protections rights. (Compl. ¶ 7.) Additionally, Sudduth alleges that Brudd violated the Civil Rights Acts. (*Id.*) Sudduth does not attempt to state a claim under the ADA or the Rehabilitation Act against Brudd. (Compl. ¶ 6.)

In order for a private party's conduct to be considered state action for purposes of § 1983, there must be a close nexus between the state and the private conduct such that the private conduct "may be fairly treated as that of the state itself." *Wade*, 83 F.3d at 905. With respect to Brudd, Sudduth alleges that he sent payment to Brudd for the phone card that he won in an auction and that Brudd accepted payment. However, Brudd never sent the phone card to Sudduth. Sudduth does not allege any further conduct on the part of Brudd that could have injured Sudduth. The Complaint contains no allegations that could implicate a close nexus between state action and Brudd's failure to send Sudduth the phone card. Rather, the Complaint shows that Brudd engaged in purely private conduct when he accepted payment without tendering the phone card. Therefore, because Sudduth's allegations show that Brudd did not act under color of state law, Sudduth fails to state a claim for violation of his equal protection rights against Brudd.

With respect to Sudduth's claim against Brudd for conspiracy to violate his equal protection rights, private parties may be liable under § 1983 when they conspire with a state actor to deprive the plaintiff of a constitutional right. *See Proffitt*, 279 F.3d at 507. To state a claim for a conspiracy

under § 1983, a plaintiff must allege that state officials and the private party somehow reached an understanding to deny the plaintiff's constitutional rights. *See House*, 956 F.2d at 271. Sudduth's Complaint does not allege that Brudd agreed with the other named Defendants to violate Sudduth's rights. Some of the Defendants, such as the State's Attorney's Office Defendants, took action against Brudd by bringing criminal charges against him. None of Sudduth's allegations suggest that the criminal charges against Brudd were dismissed as the result of an agreement between Brudd and judges to violate Sudduth's rights. Nothing in the Complaint even suggests that Brudd spoke with the other Defendants outside of the context of his criminal proceedings. Therefore, Sudduth has failed to state a claim against Brudd for conspiracy under § 1983.

Finally, Sudduth claims that Brudd violated Title VI by discriminating against him on the basis of his race. Title VI prohibits programs and services receiving federal funding from discriminating against potential participants on the basis of race. *See Lindley*, 66 F.3d at 827. Sudduth's Complaint does not identify a program that Brudd ran, let alone a program that received federal funding. Sudduth only claims that Brudd did not send him a phone card after Sudduth paid for it. However, even if Brudd was amenable to suit under Title VI, nothing in Sudduth's Complaint indicates that Brudd had knowledge of Sudduth's race. Therefore, Sudduth has failed to state a claim against Brudd for violation of Title VI.

Because it is evident from Sudduth's Complaint that he cannot state a claim against Brudd under § 1983 or Title VI, the Court dismisses Sudduth's claims against Brudd *sua sponte*.

## CONCLUSION AND ORDER

For the reasons stated, Defendants' Motions to Dismiss are granted and the Court dismisses the claims against Brudd *sua sponte*. This case is dismissed in its entirety.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: April 1, 2009